IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANYA CARR | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | |
| | ) | |
| KNOWLEDGE TOOLWORKS, | ) | |
| LLC AND RANDY MICHAEL | ) | |
| | ) | **Jury Trial Demand** |
| **Defendant.** | ) | |

### COMPLAINT

Plaintiff, Tanya Carr, brings this Complaint against her former employers, Knowledge Toolworks, LLC and Randy Michael, for violations of the Fair Labor Standards Act and for breach of contract. In support thereof, Ms. Carr asks the Court to consider the following:

### I.   Introduction

1.

Defendant Knowledge Toolworks, LLC provides IT and business related classes and software content to clients across the country.

2.

Defendant Randy Michael is the founding member of Knowledge Toolworks, LLC and responsible for all day-to-day level decisions including all employment-related issues.

3.

During all times relevant to this lawsuit, Randy Michael was Plaintiff's direct supervisor and controlled and created all employment policies and procedures for Knowledge Toolworks, LLC.

4.

Defendants hired Ms. Carr to act as a salesperson and to perform administrative tasks in approximately July 2014.

5.

Defendants initially promised Ms. Carr a salary of ten percent of the total revenue that Knowledge Toolworks, LLC received as compensation for her efforts.

6.

Several months after she was hired, Defendants informed Ms. Carr that her salary would be reduced to five percent of the total revenue that Knowledge Toolworks received as compensation

7.

Plaintiff's primary duties were to assist Mr. Michael in whatever tasks he assigned. Among other tasks, Plaintiff would call and email potential customers from her home, conduct online research of potential customers from her home, and draft letters to potential or current customers of Knowledge Toolworks, LLC.

8.

Ms. Carr estimates that she worked approximately sixty hours per week for Defendants.

9.

Ms. Carr was never paid overtime for her work, never received the promised ten (or five) percent of total revenue, and was paid significantly less than minimum wages for her efforts.

10.

Defendants terminated Ms. Carr in approximately July 2015 after she complained that she was not being paid fairly.

11.

Defendants' refusal to pay Ms. Carr at least minimum wage or overtime violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

12.

Defendant Knowledge Toolworks, LLC breached its employment contract with Ms. Carr by failing to pay her at ten percent (or five percent) of the total revenue received by Knowledge Toolworks, LLC during her employment.

## II.     Parties, Jurisdiction, and Venue

13.

Plaintiff, Tanya Carr, is a resident and citizen of the State of Georgia. Ms. Carr may be served through the undersigned counsel.

14.

Defendant, Knowledge Toolworks, LLC, is a Georgia limited liability company. At all times relevant to this lawsuit, Knowledge Toolworks, LLC was Ms. Carr's employer for purposes of the Fair Labor Standards Act. Knowledge Toolworks, LLC may be served through its registered agent, Randy Michael.

15.

Defendant, Randy Michael, is a resident and citizen of the State of Georgia. At all times relevant to this lawsuit, Mr. Michael was Plaintiff's employer for purposes of the Fair Labor Standards Act.

16.

At all times relevant to this lawsuit, Defendants were (and remain) an enterprise engaged in commerce and, therefore, subject to the Fair Labor Standards Act.

17.

This case arises under the Fair Labor Standards Act and presents a federal question. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

18.

This Court has supplemental subject matter jurisdiction over Plaintiff's state law breach of contract claim because it is part of the same case and controversy as Plaintiff's FLSA claims. 28 U.S.C. § 1367.

19.

This Court has personal jurisdiction over Defendants because they are both residents and citizens of the State of Georgia.

20.

Venue is proper in this district (and in the Atlanta Division) because the Defendants are residents, as defined in 28 U.S.C. § 1391(c), of Cherokee County, Georgia, which is in this Court's Atlanta Division.

## III. Facts

21.

Knowledge Toolworks, LLC offers IT and business classes and other services to clients throughout the country.

22.

Knoweldge Toolworks, LLC is an enterprise engaged in commerce or in the production of goods for commerce, as that phrase is defined in 29 U.S.C. § 203(s)(1).

23.

At all times relevant to this lawsuit, Knoweldge Toolworks, LLC has generated revenue, sales, or business in excess of $500,000.00 per year.

24.

In June 2014, Randy Michael, the founding member of Knowledge Toolworks, LLC hired Plaintiff to perform sales and other administrative duties.

25.

Mr. Michael informed Plaintiff that she would work from home but was required to be available to him seven days per week.

26.

Plaintiff performed whatever tasks were assigned to her by Mr. Michael. Among other things, Plaintiff called potential clients identified by Mr. Michael,

drafted correspondences to potential and current clients, researched potential and current clients, researched travel information for Mr. Michael and other instructors, and communicated with previous clients about new services.

27.

From June 2014 until approximately July 2015, Plaintiff worked approximately sixty hours per week. Mr. Michael frequently demanded Plaintiff perform work after normal business hours and on the weekend.

28.

Originally, Mr. Michael promised Plaintiff would be compensated ten percent of the total revenue that Knowledge Toolworks generated.

29.

In approximately October or November 2014, when Plaintiff asked Mr. Michael about her compensation, Mr. Michael informed her that her salary would actually be five percent (not ten percent as originally promised) of the total revenue that Knowledge Toolworks generated.

30.

Defendants never provided Plaintiff with accounting or other information related to its revenue or the amount of compensation to which Plaintiff was entitled.

31.

The total amount that Defendants compensated Plaintiff was less than the statutory minimum wage as set forth in the FLSA.

32.

Defendants never compensated Plaintiff for the overtime hours she worked in excess of forty hours per week.

33.

Defendant willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Ms. Carr a minimum wage or overtime as required in 29 U.S.C. §§ 206 and 207.

34.

In approximately July 2015, Ms. Carr complained to Mr. Michael about Defendants' failure to pay her adequately. In response, Mr. Michael terminated her employment in retaliation for her assertion of her statutorily protected rights.

35.

Ms. Carr is a non-exempt employee under the FLSA.

**COUNT ONE: FAILURE TO PAY MINIMUM WAGE – AGAINST ALL DEFENDANTS**

36.

Plaintiff hereby incorporates Paragraphs 1 through 35 of this Complaint as if set forth fully herein.

37.

Defendant failed to pay Plaintiff at least minimum wage during the entire duration of her employment.

38.

Plaintiff is a non-exempt employee under the FLSA.

39.

Defendants' failure to pay Ms. Carr at least minimum wages constitutes a willful and knowing violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

40.

Defendant also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

41.

Plaintiff is entitled to the recovery of her unpaid minimum wages, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT TWO: FAILURE TO PAY OVERTIME – AGAINST ALL DEFENDANTS

42.

Plaintiff hereby incorporates Paragraphs 1 through 41 of this Complaint as if set forth fully herein.

43.

Defendant failed to pay Plaintiff time and a half of her hourly rate for every hour that she worked in excess of forty hours per week in violation of the FLSA.

44.

Plaintiff is a non-exempt employee under the FLSA.

45.

Defendants' failure to pay Ms. Carr at time and a half her hourly wages for hours she worked in excess of forty hours per week constitutes a willful and knowing violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

46.

Defendant also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

47.

Plaintiff is entitled to the recovery of her unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT THREE: RETALIATION – AGAINST ALL DEFENDANTS

48.

Plaintiff hereby incorporates Paragraphs 1 through 47 of this Complaint as if set forth fully herein.

49.

In or around July 2015, Plaintiff complained to Defendants about their failure to pay her properly.

50.

Defendants unlawfully terminated Plaintiff's employment in retaliation for her assertion of her statutorily protected rights in violation of 29 U.S.C. §215.

## COUNT FOUR: BREACH OF CONTRACT – AGAINST DEFENDANT KNOWLEDGE TOOLWORKS, LLC ONLY

51.

Plaintiff hereby incorporates Paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52.

Knowledge Toolworks, LLC initially promised to pay Plaintiff ten percent of its total revenue as compensation for her employment.

53.

Several months after Plaintiff was hired, Knowledge Toolworks, LLC attempted to change its agreement with Plaintiff and offered her five percent of its total revenue as compensation for her employment.

54.

Defendant breached its agreement with Plaintiff by failing to pay her either ten percent or five percent of its total revenue.

55.

As a result of Defendant's breach, Ms. Carr has been damages in an amount to be proven at trial.

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Plaintiff a jury trial on all claims contained herein;

B. Award Plaintiff damages in amount to be proven at trial for Defendant's willful violation of the FLSA in refusing to compensate Plaintiff minimum wage or overtime for the previous three years;

C. Award Plaintiff liquidated damage for Defendants' willful violations of the FLSA;

D. Award Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Award Plaintiff damages for Defendant's breach of contract; and

F. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 29th day of September, 2015.

s/Logan B. Winkles
Logan B. Winkles
Georgia Bar Number 136906
Julie Comer
Georgia Bar Number 380547
CANNON, MIHILL & WINKLES, LLC
101 Marietta Street
Suite 3120
Atlanta, Georgia 30303
Telephone: (404) 891-6700
Fax: (404) 891-6701
lwinkles@cmw-law.com
Attorneys for Plaintiff
