IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANYA CARR, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | |
| ) | 1:15-CV-3415 |
| KNOWLEDGE TOOLWORKS, ) | |
| LLC, and RANDY MICHAEL ) | |
| ) | |
| **Defendants.** ) | |

## JOINT MOTION TO APPROVE A
## FAIR LABOR STANDARDS ACT SETTLEMENT

Plaintiff, Tanya Carr, and Defendants, Knowledge Toolworks, LLC and Randy Michael (collectively "Parties"), by and through their undersigned counsel, file this Joint Motion to Approve A Fair Labor Standards Act Settlement Agreement.

### I.   **Plaintiff's Claims, Procedural History, and Settlement Agreement**

Plaintiff brought this suit seeking unpaid overtime and minimum wages under the FLSA, a retaliation claim under the FLSA, and a state-law claim for breach of an oral contract. (Compl. [Doc. No. 1].) Defendant answered and denies liability. (Answer [Doc. No. 5].) After engaging in written discovery, the Parties have reached a settlement agreement and seek this Court's approval of the terms contained therein.

Plaintiff contends that, during the course of her nearly year-long tenure with Defendants, she performed administrative and sales duties.  Plaintiff further contends that during that period she regularly worked overtime hours for which she was not properly compensated.  Defendants contend that Plaintiff was an exempt employee under the FLSA and further deny that Plaintiff worked overtime or worked the number of hours that she alleges.  In addition to the disputes between the Parties as to the number of hours that Plaintiff worked (or salary that she received), the Defendants contend that they are nearly insolvent and would likely be unable to satisfy any judgment, even if one were obtained against them.

### A. Plaintiff's Total Calculation of Damages.

Plaintiff alleges that she worked approximately sixty hours per week during her tenure with Defendants.  Applying the minimum wage and overtime standards, Plaintiff would be entitled to compensation of approximately $22,620.00.  Although the Parties disagree as to the exact amount that Plaintiff was paid, the documentary evidence produced during discovery shows that she was compensated close to (or in excess of) the amount that she would be entitled to receive at minimum wage under the FLSA.

### B. Plaintiff's Compromise of Claims

Defendants denies all liability and contends that the FLSA does not apply to Ms. Carr here.  Specifically, Defendants contend that Ms. Carr was fully

compensated for the hours that she worked, even based on her on estimate of time. Thus, if Defendant were to prevail on this argument, Ms. Carr would not be entitled to any relief under the FLSA.  Ms. Carr acknowledges that a factual and legal dispute exists as to the amount of time that she worked and the wages that she received.  Other factual and legal disputes exist as whether or not Ms. Carr was an exempt employee.  Finally, the Parties acknowledge that Defendants are in precarious financial situation and even a successful judgment in favor of Plaintiff would be difficult to collect.

Given the disputes that exist and the cost and time of continuing litigation, Ms. Carr has agreed to compromise her claims for the total amount of $4,000.00. Because of the low amount at issue, Plaintiff's counsel has agreed to waive attorneys' fees, so Ms. Carr will receive the full amount of settlement.  The Parties agree that this compromise is a reasonable settlement in light of the risks to both Parties and the cost and time of continued litigation.

## II.     Legal Argument

An employee's FLSA claims may be compromised only after the Court reviews and scrutinizes the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d 1352 (11th Cir. 1982).  The Parties respectfully submit that the enclosed settlement agreement is fair and reasonable taking into account the number of hours that Plaintiff alleges that she worked, the defenses asserted, and the risk and

costs to both Parties of a jury trial (or potentially summary judgment). Therefore, the Parties jointly request that the Court approve the settlement reached and attached as Exhibit A. To assist the Court, the Parties have submitted a proposed order granting the requested relief as Exhibit B.

Submitted this 30th day of June, 2016.

| | |
|---|---|
| s/Logan B. Winkles | s/David Pardue |
| Logan B. Winkles | David Pardue |
| Georgia Bar Number: 136906 | Georgia Bar Number: 561217 |
| Cannon, Mihill & Winkles, LLC | OWEN, GLEATON, EGAN, JONES & SWEENY, LLP |
| 101 Marietta Street, NW, Suite 3120 | 1180 Peachtree Street, N.E. |
| Atlanta, Georgia 30303 | Suite 3000 |
| T: (404) 891-6700 | Atlanta, Georgia 30309 |
| F: (404) 891-6701 | T: (404) 688-2600 |
| lwinkles@cmw-law.com | dpardue@og-law.com |

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed JOINT MOTION TO APPROVE A FAIR LABOR STANDARDS ACT SETTLEMENT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

David L. Pardue, Esq.
Owen, Gleaton, Egan, Jones & Sweeney, LLP
Suite 3000
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

This 30th day of June, 2016.

s/Logan B. Winkles
Logan B. Winkles
Georgia Bar Number: 136906