## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 30 day of June, 2016 between Knowledge Toolworks, LLC and Randy Michael (collectively, "Defendants"), on the one hand, and Tanya Carr ("Plaintiff"), on the other hand (collectively referred to as the "Parties").

## RECITALS

WHEREAS, Plaintiff filed suit against Defendants on September 29, 2015 in U.S. District Court for the Northern District of Georgia, in a case captioned *Carr v. Knowledge Toolworks, LLC, et al.* Civil Action No. 1:15-cv-3415 ("the Action");

WHEREAS, Plaintiff alleged that Defendants breached a verbal employment contract and violated the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendants deny any FLSA violations or breach of contract;

WHEREAS, the Parties desire to settle the Action, pending the Court's approval; and

WHEREAS, the Parties jointly seek the Court's approval of this Agreement;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, and undertakings set forth in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, on behalf of themselves, their heirs, representatives, attorneys, insurers, respective officers, directors, shareholders, agents, employees, successors, and assigns, agree as follows:

1. **Settlement Amount.** Defendants shall pay Plaintiff the total sum of four thousand and 00/100 dollars ($4,000.00) ("Settlement Amount") within seven days of the Court's approval of this Agreement.

2. **Payment of Settlement Amount.** The Settlement Amount shall be delivered to Plaintiff's counsel within seven days of the Court's approval of this Agreement to the following address:

> Cannon, Mihill & Winkles, LLC
> 101 Marietta Street, NW
> Suite 3120
> Atlanta, Georgia 30303

If the Settlement Amount is made by check, the check should be made out to "Tanya Carr." Alternatively, Defendants may pay the Settlement Amount within seven days of the Court's approval of this Agreement by wire transfer to Cannon, Mihill & Winkles IOLTA Trust Account. Counsel for Plaintiff will provide wiring instruction upon request from Defendants' counsel.

3. **Taxes.** Plaintiff acknowledges and agrees that she is individually responsible for the payment of any and all federal, state and/or local taxes, if any, that may be due and owing by her to any revenue agency and that are or may be owed as taxes or other withholdings with respect to monies paid hereunder. Plaintiff represents that she is not relying in any way upon Defendants in this regard.

4. **Dismissal with Prejudice.** Within five (5) days of receipt the Settlement Amount, Plaintiff agrees to dismiss with prejudice the Action in the event the Court has not previously dismissed the Action as part of its approval of the Agreement ("Dismissal with Prejudice"). Plaintiff and Defendants agree to work together in good faith to obtain a stipulation of dismissal with prejudice if necessary.

5. **Plaintiff's Release.** Subject to Court approval of this Agreement and timely receipt of the Settlement Amount, Plaintiff, for herself, and for any of her past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and

assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge the Defendants of and from any claims, causes of action, liability, or damages that Plaintiff might have against one or both of Defendants, whether currently known to Plaintiff or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Action or Plaintiff's employment with Defendants. Without limiting the foregoing in any way, such release includes, but is not limited to, any claims for breach of contract, FLSA violations, unlawful retaliation, litigation costs, attorneys' fees, or interest; and any claims for compensation, wages, severance, bonuses, monetary or equitable relief or other damages of any kind, paid time off, or other employee fringe benefits. Notwithstanding the foregoing, the Defendants are not released from any claims of a breach of this Agreement.

6. **Defendants' Release.** Upon the Court's entry of an Order approving this Agreement and the filing of the Dismissal with Prejudice described in Paragraph 4, the Defendants, for themselves, and for any of their past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge Plaintiff of and from any claims, causes of action, liability, or damages that either of the Defendants might have against Plaintiff, whether currently known to the

Defendants or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Action or Plaintiff's employment with Defendants. Notwithstanding the foregoing, Plaintiff is not released from any claims of a breach of this Agreement.

7. **Court Retains Jurisdiction to Enforce Settlement Agreement.** The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce any provision contained in this Agreement. Except as required by law, this Agreement may not be introduced as evidence in any legal proceeding against Plaintiff or Defendants, or otherwise be used to establish any fact or admission by Plaintiff or Defendants, and the Parties covenant not to introduce this Agreement in any legal proceeding for any purpose whatsoever; provided, however, that the Parties may introduce this Agreement into evidence solely for the purpose of enforcing its terms.

8. **Assistance to the Court.** Because this Action arises under the Fair Labor Standards Act, the Parties acknowledge that this Agreement must be approved by the Court. The Parties and their Counsel agree to work together to assist the Court to obtain approval of this Agreement.

9. **Mutual Non-Disparagement.** The Parties agree that, unless otherwise required by law, neither the Plaintiff nor Defendants will make any disparaging statement or representation, whether directly or indirectly, orally or in writing, to any person, entity, or authority whatsoever, about any other party to this Agreement or any of Defendants' current or former parents, subsidiaries, affiliates, or any of their respective directors, officers, employees or agents. For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would reasonably cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, or good character of the person or entity to whom the communication relates, or which has the purpose or effect of maligning, impugning, or causing harm to the subject party. In the event Defendants are contacted by any of Plaintiff's potential future employers, then Defendants shall confirm the dates on which Plaintiff was employed and her salary but shall otherwise refrain from providing any additional information about Plaintiff or her employment.

10. **Legal Consultation.** The Parties acknowledge that each has consulted an attorney, to the extent desired, to seek legal advice about this Agreement.

11. **Neutral Construction of Agreement.** Each party acknowledges that it has had the opportunity to negotiate modifications to the contents of this Agreement. Accordingly, each party agrees that in any dispute regarding the interpretation or construction of this Agreement, no presumption will be made in favor of or against either party by virtue of its role or lack thereof in drafting the terms and conditions set forth in this Agreement as this Agreement was mutually drafted.

12. **No Admission of Liability.** The Parties agree that any payments received and other consideration given by Plaintiff or Defendants under this Agreement are not to be construed as an admission of legal liability by any party and that no person or entity can use this Agreement or consideration received under this Agreement as evidence of any admission of liability.

13. **Severability.** If any part of this Agreement is for any reason held to be unenforceable, the rest of it remains fully enforceable.

14. **Governing Law.** The Parties agree and stipulate that this Agreement shall be exclusively interpreted, governed, and construed under the laws of the State of Georgia.

15. **Previous Agreements.** This Agreement shall fully and completely supersede and replace any other Agreement that exists between or among the Parties related to this Action.

16. **Counterparts.** This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

[Signatures on Following Page]

IN WITNESS WHEREOF, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____
Tanya Carr

_____
Knowledge Toolworks, LLC
By: _____Randy Michael_____

_____
Randy Michael